Williams and Dewey argued at this term in support of the motion for a new trial, and Gold and Hulbert for the verdict. The arguments being confined to the discussion of the evidence recited in the report of the judge, which was voluminous and complicated, it will be sufficient to state the opinion of the Court, in which the objections to the verdict are shown, and which was delivered by
Parsons, C. J.
The judge, before whom the cause was tried, has reported the evidence, and his direction to the jury. It appears from his report, that Fanning was a witness for the tenant, and that he was discredited as far as a witness could be by proof of his having an extremely bad character.
It is not suggested by the demandant, that he was surprised by Fanning’s testimony. On the contrary, he came prepared [ * 354 ] to discredit him, which he effectually * did in the opinion of the judge. To grant a new trial to give further opportunity to discredit a witness, whose testimony was not unexpected, and who had in fact been discredited, would be unprecedented, and productive of mischievous consequences. We cannot, therefore, grant a new trial on the second ground on which it was moved.
We will now consider the first objection to the verdict, that it was against the evidence.
The action is entry sur disseisin, in which is demanded one hundred acres of land, particularly bounded and described in the writ. Both parties admit that Charles Goodrich formerly owned the land, and the title of each party is derived under him. About, nineteen acres and twenty rods of land, parcel of the demanded *275 tenements, the demandant could not recover, as it clearly appeared that Goodrich, his grantor, when he executed his deed of conveyance of it to the demandant, was not seised of it. As to the residue of the tenements demanded, the merits of the cause depended on ascertaining the lands conveyed by Goodrich prior to his conveyance to the demandant. If the tenements demanded had been previously conveyed by Goodrich, the demandant must fail; but if Goodrich had not previously conveyed them, the demandant’s title was supported. The several deeds of conveyance were read in evidence. The lands purporting to be conveyed by them were described by courses and distances, and references to monuments, and to the lands of others adjoining. Parol evidence was very properly admitted to ascertain these courses and distances, to locate these monuments, and to fix the situation of the adjoining lands. There were questions of fact to be settled by the jury ; there was much testimony on each side, and not to be reconciled. According as these facts were found by the jury, so ought to have been their verdict. The judge summed up all the evidence; and he directed the jury in matters of law. No objection is made to his statement of the evidence; * and his direction appears to us to be [ * 355 ] correct. The cause was very fairly submitted to the jury, who have found a verdict for the tenant. The judge in his report expresses no dissatisfaction with the verdict.
In this view of the subject, we do not feel ourselves authorized to deprive the tenant of his verdict, and to send the cause to another jury for trial. There was evidence on both sides ; the credit of the witnesses can be weighed only by a jury. It must be presumed that they gave due weight to their testimony.
We may, and we ought to grant a new trial, when the verdict is against the evidence, or when it is manifestly against the weight of the evidence. In such cases the facts ought to be inquired into by another jury. Whatever may be the inclination of our opinions, as to the conclusions the jury have made from the testimony, it is their province, and not ours, to make those conclusions; and we cannot say that this verdict was given against evidence, or against the weight of evidence. It must therefore stand, and judgment be entered upon it.