## Lessee of FEHL *against* GOOD and another.

THIS ejectment was tried before Mr. Justice *Yeates* at a Circuit Court for *Lancaster* County in *May* 1806, when a verdict was found for the plaintiff. In *May* 1808, the late Judge *Smith*, who rode that circuit, ordered a new trial upon the inspection of Judge *Yeates's* notes; and from this decision the plaintiff appealed.

*Though a verdict be against the opinion of the judge who tried the cause, yet if it turned upon the credit of witnesses, a new trial will not be granted, except in extraordinary cases.*

The case turned upon the accuracy of a line and boundary claimed by the plaintiff for his survey. One witness, whose general credit was not impeached, swore in support of the plaintiff's claim. Six witnesses swore the other way. The judge was of opinion that the cause depended very much upon the credit of the plaintiff's witness, and that the weight of evidence was with the defendants; but the jury *who had had a view*, concurred with the single witness, against the charge of his Honour.

*Montgomery* and *C. Smith* for the plaintiff contended that where the evidence was contradictory, and depended upon the credit of witnesses, a new trial ought not to be granted, although the verdict was against the opinion of the judge; particularly where the case turned upon such a fact as was in controversy here, and the jury had viewed the premises. They cited *Ashley* v. *Ashley* (*a*), *Smith* v. *Huggins* (*b*), *Swain* v. *Hall* (*c*), *Hankey* v. *Trotman* (*d*), *Francis* v. *Baker* (*e*), and an anonymous case from 11 *Mod.* 1. In *Francis* v.

(*a*) 2 *Stra.* 1142.  (*c*) 3 *Wils.* 47.  (*e*) 6 *Bac. Ab.* 664.
(*b*) 2 *Stra.* 1142.  (*d*) 1 *W. Black.* 1.  *Trial L.* 4.

1810.

Lessee
of
FEHL
*v.*
GOOD.

*Baker, Pratt* Ch. J. says, that where there is a contrariety of evidence as to the principal matter in issue, and the character of witnesses on both sides stands unimpeached, the weight of evidence does not depend altogether upon the number of witnesses; for it is the province of the jury who may know them all, to determine which witness they will give credit to, and no judge has a right to blame a jury for exercising their power of determining in such a case.

*Bowie* and *Hopkins* contra, answered, that new trials were so completely subject to the discretion of the Court, and so little dependent upon precise rules, that every case must be governed by its own circumstances. That there was however one fundamental rule upon this subject, a rule founded in reason and in justice, that where the verdict was strongly against the weight of evidence, a new trial ought to take place; 6 *Bac. Abr.* 663, 4.; and that in the present case, there was not only the preponderance of six witnesses over one, but the opinion of the judge who tried the cause, and of the judge who granted the new trial, that the weight of evidence was clearly against the verdict. They also contended that the merits were with the defendants.

TILGHMAN C. J. delivered the Court's opinion.

In this cause a verdict was found for the plaintiff, and the question is, whether a new trial shall be granted.

The charge of the judge inclined in favour of the defendants, but the cause turned upon matters of fact, and it was submitted to the jury as resting very much upon the credibility of one of the plaintiff's witnesses. The character of witnesses, and the credit which is due to them, are subjects peculiarly within the province of the jury; and where the verdict has depended on these points, the Court has always refused to interfere, except in extraordinary cases. For this reason, without expressing any opinion upon the merits of the cause, we think it proper that the verdict should stand. The judgment of the Circuit Court is therefore to be reversed, and judgment entered for the plaintiff.

New trial refused, and
Judgment for plaintiff.