GRIFFITH surviving partner of NICKLIN *against* WILLING and others.

*Philadelphia,
Saturday,
January 5.*

THIS was an action of account render, in which the declaration contained three counts, the *first* charging the defendants as bailiffs, the *second* as receivers, and the *third* as bailiffs and receivers. The pleas were *ne unques bailiff or receiver*, and fully accounted; and the cause went to trial under an agreement by counsel, that the jury should not only decide the issues, but the amount, if any, due from the defendants.

Joint partners in a mercantile adventure may have account render against each other by the common law; *tenants in common;* by the 27th section of 4 *Ann. c.* 16., which section has been adopted in *Pennsylvania.*

The case involved an immense mass of evidence, which is of no importance to the present question, whether *account render* was the proper form of action. So far as it respects this point, it is only necessary to state, that the plaintiff and the defendants were concerned together in a large adventure to *South America*, the funds of which, belonging to them in equal moieties, were sent out in the *Canton*, a ship belonging to two of the defendants, and the *America*, a ship belong-

To justify a new trial, the mistake of the jury in law or fact must be plain, or the verdict must be decidedly against the evidence. It is not

enough that the court did not look upon the evidence in the same light with the jury, or that they would not have found such a verdict themselves.

1811.

GRIFFITH
*v.*
WILLING.

ing to the plaintiff's house, sailed in company, to bring back the plaintiff's proportion of the proceeds. They had made a contract with a *Spaniard*, that the shipment should be paid for at *Buenos Ayres* at a certain advance; and they expected that an equal amount of the returns would be furnished to each ship. The plaintiff's proportion of goods was taken out in the *Canton*, free of freight; but each party made separate insurances on their interest in the goods, and on the ship, and each fitted out and supported their ships at their separate expense. The whole adventure was under the care of two joint supercargoes, who were instructed in case the cargo could not lawfully be landed, to return to the *United States* without breaking bulk; if it should be landed and paid for, they were to ship one half of the proceeds on board the *Canton* for the defendants, and the other half on board the *America* for *Nicklin* and *Griffith;* and as some event might occur which was not provided for in the instructions, the supercargoes were informed that the parties relied on their prudence, vigilance and zeal, for the full completion of the plan. The cargo was not accepted by the *Spanish* house upon the original terms; and this case not being provided for in the instructions, the supercargoes thought it best to deliver it over to the house as consignees to sell on commission. Thirty thousand hides, a part of the sales, were shipped on board the *Canton* to the address of *Willings* and *Francis*, who sent them by the same vessel to *Amsterdam*, where they were sold; and after a long delay 20,000 hides were shipped in the *America* for *Nicklin* and *Griffith*. The object of the action was to recover the plaintiff's proportion of the 30,000 hides shipped by the *Canton*, upon the ground that they were to a certain extent jointly interested therein.

The Chief Justice charged the jury, that the plaintiff's claim rested upon the principle of his being jointly interested with the defendants in the cargo of the *Canton* from *Buenos Ayres* to *Philadelphia*, and if he was right in that, of which they would judge, the action would lie. The jury found for the plaintiff; and now upon a motion for a new trial, as well upon the merits as upon the propriety of the action,

*Hare* and *Lewis* for the defendants, contended upon the

latter point, 1. That this action could not be sustained at common law, because there was no privity in deed between the parties, in consequence of any contract or appointment; nor was there any privity in law; nor were they merchants in partnership in the adventure in question, the evidence completely disproving both a partnership in the concern, and an appointment as bailiffs. For these points they cited, *Co. Lit.* 172 *a.*, 1 *Mod. Ent.* 42., 4 *D.* & *E.* 720., 2 *Johns. Cases* 329., *Felici* v. *Hamilton, Ct. Ct. U. S.* 1806., 1 *Com. on Cont.* 286., 1 *P. Wms.* 18., 2 *Ves.* 252., 1 *Cha. Ca.* 238., *Bull. N. P.* 157., 1 *Com. on Contr.* 316., *Cowp.* 449., 2 *Co.* 68 *a.*, 1 *Domat.* 151., *Abbot on Ship.* 58., *Chitty on Pleading* 11., 1 *Saund.* 154., 1 *H. Black.* 37., 1 *Esp. Nisi Prius* 117., *Willes.* 208., 1 *Inst.* 172 *a.*, 2 *Johns.* 329., *F. N. B.* 267., 1 *Vin.* 141. *pl.* 10., *Id.* 139. *pl.* 2., *Id.* 143. *pl.* 1., 11 *Co.* 89 *b.* 2. That it could not be sustained under the statute of 4 *Ann. c.* 16., because that statute had never been extended to this country, to give account render by and against jointenants and tenants in common.

*Dallas* and *Ingersoll* contrà, contended that the plaintiff and defendants had by the verdict been found to be special partners, in which case it was plain that the action would lie at common law. And for this they relied upon 1 *Binn.* 191., *Co. Litt.* 172 *a.*, and *Co. Litt.* 171 *b. note* 34. Or at least they must be considered as tenants in common, in which case the action was given by the 27th section of 4 *Ann.*, which by the report of the judges had been adopted in practice in this commonwealth.

TILGHMAN C. J. On the trial of this cause, the counsel for the defendants contended that the action of *account render* did not lie. I told the jury, that this would depend on their opinion of the evidence; that the action did lie, if they should think that the plaintiffs were jointly interested with the defendants in the cargo, which formed the subject of controversy. We are all clearly of opinion, that this direction was right. For if the plaintiffs and defendants were *joint partners* in the adventure, the action of account render lay at common law; but if they were only tenants in com-

1811.

GRIFFITH
v.
WILLING.

1811.

GRIFFITH
v.
WILLING.

mon of the goods, the action was given by the 27th sect. of the stat. 4 & 5 *Ann. ch.* 16., which section has been extended to this state, although the whole act has not.*

The great point in dispute was matter of fact, viz. whether or not the plaintiffs and defendants had *undivided* interests in a quantity of hides received by their agent at *Buenos Ayres,* and shipped, part to *Philadelphia* in the defendants' ship *Canton,* and part to *Bordeaux* in the plaintiffs' ship *America.* This fact depended on a mass of testimony written and parol, which it is unnecessary now to consider. I confess that neither at the trial, nor since, on further reflection, has it struck me in the same point of view in which it appeared to the jury. But that is not sufficient ground for awarding a new trial. I cannot clearly discern any principle of law which the jury have violated, nor will I undertake to say that they have gone so decidedly against the evidence, as would justify the court in setting aside the verdict. They were men of business and of character. The subject was complicated. Therefore, although the verdict was contrary to my expectation, I think it best not to disturb it.

YEATES J. I have examined the notes of the evidence in this case, with all the attention in my power. The adventure to *South America* has been most unfortunate to the parties. I cannot reconcile to my mind the amount of damages found by the jury, consistently with my idea of the true meaning of the original contract, under the circumstances and events which have occurred. But viewing the verdict in all its different aspects, I cannot say that it presents so plain a case of mistake of law or fact, in the jury, as would justify the interposition of the court. The facts are much complicated, and we cannot wonder that different inferences should be drawn therefrom by different minds.

As to the form of the action, I have no doubt that it would

---

* For such *British* statutes or parts of statutes as have been adopted in this commonwealth, the reader is referred to a report made by the judges of this court to the legislature of *Pennsylvania,* in conformity with a resolution passed in 1807. This report is, at the request of the court, inserted in an appendix to the present volume.

well lie; and that the 27th section of the *British* statute 4 &
5 *Ann. c.* 16., has been extended by our practice.

1811.

GRIFFITH
*v.*
WILLING.

On the whole matter, I find myself constrained to concur
in opinion, that the motion for the new trial be denied.

BRACKENRIDGE J. concurred.

New trial refused.