The opinion of the Court (absente Parsons, C. J.) was delivered as follows, by
Sedgwick, J.
The objection in this case is, that the verdict, is against evidence; and if it be clearly and manifestly so, it certainly ought to be set aside. The plaintiff at the trial having proved his case, the only positive evidence against him was the testimony of the defendant’s son. The Court will pay all due respect to the testimony of a witness, who stands uncon tradicted and unimpeached; but the credit of every witness must be taken into the consideration of the jury ; and this is peculiarly and emphatically within their province.
In this case there was little to corroborate the testimony of the witness. That the boxes, for the manufacture of which it [ * 864 ] is understood the goods charged to the defendant *were delivered, were, when finished, carried and delivered at the plaintiff’s store, is a circumstance relied upon for the defendant ; but to this it may be answered, that, as the plaintiff kept a store in Boston, the boxes might have been brought there to have been disposed of, although the plaintiff had no interest in them, further than from the proceeds of the sale to obtain payment of the debt due to him from the defendant; and it may be added, that this circumstance is stripped of all its weight by the opposing fact, that the boxes were afterwards taken away from the plaintiff’s store, by the same person who carried them there, without any consent, that appears, from the plaintiff. The only other fact, which appears in any degree to corroborate young M’Neil's testimony, is, that the plaintiff frequently went to see how the work went on during its progress. This he certainly might have done (although he was not interested as a partner) either from curiosity, or to enable him to form a judgment as to the probability of the goods manufactured affording a reasonable prospect of security for the payment of the debt, which the defendant owed him.
On the other hand, there were circumstances before the jury, and proper for their consideration, whether full credit ought to be given to the witness. He was the son of the defendant. The nature of the transaction itself afforded some ground for hesitation. It is certainly not common that partnerships exist without the terms being reduced to writing ; and it certainly could hardly be expected, although there was a partnership without any writing, yet that it should be known only to one witness, and that witness the son of *223 one of the parties. There was also another fact of no inconsiderable weight before the jury ; the supposed partnership property was sold at auction by the sole order of the defendant, without the knowledge of the plaintiff, and without notice to him.
As the burden of proof, respecting the partnership, was on the defendant, if the jury did not pay full credit to * young M’Neil’s testimony, they did right in the verdict [ * 265 ] which thsy returned. On the whole, we are all of opinion that we cannot say that this verdict was so against evidence that it ought to be set aside. There must, therefore, be judgment ren dered for the plaintiff upon it. (a)

 [The true question is, whether there was any thing in the case to justify the jury in disbelieving the witness of the defendant. It would seem, that there was not And an arbitrary finding should not be allowed. — En.j