## ALPHEUS HARDING *versus* WILLIAM BROOKS.

In the trial of an action of slander upon a plea in justification alleging the truth of the words spoken, the plaintiff may introduce evidence of his good character.

But whether such evidence is admissible when the trial is upon the general issue, unless in answer to evidence tending to impeach the plaintiff's character, *quære*.

Calling one a *knave* imports that he is dishonest, and is in itself actionable.

In an action of slander the defendant filed several pleas alleging the truth in justification, to all of which the plaintiff put in a general replication that the defendant *de injuriâ suâ* &c. spoke the words, and the verdict, which was for the plaintiff, followed the issue, without affirming or denying the truth of the allegations in the several pleas. *Held*, that the verdict was correct in point of form.

Where the testimony of a witness, who is uncontradicted and unimpeached, relates to declarations or conversations which happened some time before he is called to testify, and the precise words are important, and the witness, though confident, is not positive in his testimony, if the jury find that the words are not proved, the Court will not set aside the verdict as being against evidence.

THIS was an action for slander, in charging the plaintiff with being a liar, a knave and a rascal.   The defendant admitted the speaking of the words, and filed several pleas in justification alleging the words to be true.   The plaintiff put in a general replication of *de injuriâ suâ.*

At the trial, before *Wilde* J., it was admitted that the plaintiff was a clergyman, and the trial proceeded upon the pleas in justification.   The plaintiff then introduced evidence of his good character ; which evidence was objected to on the part of the defendant.

In relation to the charge of being a *knave*, the judge ruled that the term *knave* implies one who has been guilty of dishonest acts ; that the charge was in itself actionable ; and that if the defendant did not prove dishonest acts on the part of the plaintiff, the jury must give damages for that charge.   To this opinion the defendant objected.

It was contended on the part of the defendant, that the jury should return their verdict merely as to the truth of the facts set forth in the several special pleas of justification ; but the judge ruled that the jury should return a verdict for the plaintiff, unless the evidence offered satisfied them that the defendant had proved the plaintiff guilty of the charges as set forth in the declaration.

Haraing
v.
Brooks.

These questions were reserved for the consideration of the whole Court.

In the tenth plea in justification, the defendant sets forth, " that the plaintiff told one Clark Thompson, that he had received a letter or papers respecting the medical character of Dr. Brooks (the defendant) from a person who put M. D. to his name, but he had ascertained he had no right to those letters, for he was nothing but a quack ; " and the defendant avers that this was false.

To support this plea the defendant offered Thompson as a witness ; who testified that he told the plaintiff " that Brooks said he (the plaintiff) had seen the evidence of his qualifications as a physician ; and that the plaintiff replied that he had received a recommendation from one who signed M. D. to his name, but he had ascertained he had no right to it, and if he had no right to it, he was nothing more. than a quack." The witness said this was as he understood it, though he might be incorrect. The defendant proved that N. Smith, the author of the communication above mentioned, had previously received the degree of doctor of medicine. The plaintiff offered no evidence to contradict the testimony or impeach the character of Thompson.

Upon this plea and this evidence the jury returned a verdict for the plaintiff, and the defendant moved for a new trial because this finding was against evidence.

Sept. 24th.

246

Bates and Dewey, for the defendant, said that the evidence of the plaintiff's good character was improperly admitted, because the issue was only whether he had conducted himself correctly in a particular instance. 2 Phill. on Ev. (6th ed.) 157.

The word knave does not always import dishonesty, but is often used as a term of general reproach, and the force of it, as used by the defendant, should have been submitted to the determination of the jury. Dexter v. Taber, 12 Johns. R. 239 ; M'Kinly v. Rob, 20 Johns. R. 356 ; Demarest v. Haring, 6 Cowen, 76 ; Ex parte Baily, 2 Cowen, 479 ; Goodrich v. Woolcott, 3 Cowen, 231.

On the point of the verdict being against evidence, they

cited *Curtis* v. *Jackson*, 13 Mass. R. 513 ; *Hammond* v. *Wadhams*, 5 Mass. R. 355.

*L. Bigelow*, *Newton*, and *Marcy*, *contrā*, as to the admission of the evidence of good character, cited 2 Starkie on Ev. 369, note 3, and 370, note 1.

As to the objection that the verdict was against evidence, they cited *Wait* v. *M'Neil*,, 7 Mass. R. 261 ; *Hall* v. *Huse*, 10 Mass. R. 42.

The opinion of the Court was drawn up by

PARKER C. J.    We see no sufficient cause to grant a new trial in this case on account of either of the objections taken to the verdict.

*April term 1828, in Franklin.*

The first is, that the plaintiff was allowed to prove his good character, although no evidence was offered to impeach it, except what was tendered to prove the issues on the several pleas in justification ; of which there were in number ten.

If the cause had been tried on the general issue only, we are not prepared to say that evidence on the part of the plaintiff of this nature would be admissible, unless in answer to evidence tending to impeach his character, though we find no authority directly in point against it ; on the contrary, it was decided at *nisi prius* by Lord *Alvanley*, that such evidence was admissible ; and he states as a reason, that in actions of slander the character is the very thing in issue.    This doctrine however has been questioned, and Starkie, in his treatise on evidence, *vol. 2, p.* 869, speaks of it as very doubtful. *King* v. *Waring*, 5 Esp. 13.

It is true the plaintiff, in his declaration, sets forth his character as unspotted, and particularly in regard to such matters as the alleged slander relates to ; but it is not necessary either to allege or prove it, the presumption of law being in favor of every man's character until it is legally impeached.    And to say the least of this kind of evidence, it is unnecessary, and if allowed, may tend inconveniently to procrastinate trials.    The rank and condition of the plaintiff are proper to be made known to a jury by evidence, because the damages may be lawfully affected thereby ; but general character has not been the subject of inquiry, unless made necessary by the defence to the action, or to the claim of damages.

247

But Starkie seems to admit the rule to be different, where the defendant sets up a justification of the words spoken by averring the truth of the facts alleged to have been slanderously published. And there is reason in this, for the very placing upon the record a solemn averment of the truth, will have a tendency to impeach the character, and the attempt to prove it, though it may fail, may have so far succeeded as to raise an imputation against the character. In such case it seems to be just, that the plaintiff should have the right, by proof of the general tenor of his conduct and character, to repel such imputations, and to let his reputation in the community and his neighbourhood outweigh the suspicions which might arise from an incomplete effort to prove him guilty of the facts which are charged against him. It is upon this principle, and with this view, that a man on trial for crime is allowed to show a fair general character to the jury ; and the cases are quite analogous.[1]

The second objection is, that the judge, in his charge to the jury, stated that the word *knave* imported dishonesty. Certainly it did, unless explained by some words showing it was used in some other sense ; as much as the word *thief* imports stealing. We cannot at this late day go back to the original meaning of the word. It has acquired a meaning in regard to which there is no ambiguity, and therefore the jury needed not to be called upon to settle the meaning of it in this particular case.[2]

**248**          Thirdly, with respect to the form of the verdict, it is contended that instead of a general verdict upon the several issues, the jury should have affirmed or denied the facts in the several pleas. But the verdict must be according to the issue, and the form of that depends upon the pleadings. The general replication of *absque tali causâ* is replied to each of the pleas in bar, and if this was not right, it should have been demurred to. The issue being joined upon the replication

---

[1] See 2 Stark. Ev. (5th Amer. ed.) 215, 216, 464, 465 ; *Cornwall* v. *Richardson*, Ry. & Moody, 305 ; Starkie on Slander, (Amer. ed.) 292.

[2] See Starkie on Slander, (Amer. ed.) 77, and notes ; *Whiting* v. *Smith* 13 Pick. 372, 373.

so framed, the verdict could only conform to the issue    This
is the usual form of pleading and of verdicts, and no authori-
ty has been cited showing it to be wrong.[1]

On the fourth objection we have had more doubt, but are
finally all of opinion that it cannot prevail.    It is, that in
regard to the issue on the tenth plea the verdict is against
evidence.

The plea, which is intended to justify the charge in the
declaration, that the defendant called the plaintiff a liar, states
that the plaintiff told one Clark Thompson that he had re-
ceived a letter or papers regarding Dr. Brooks's medical
character, from a person who had put M. D. to his name,
but he had ascertained that he had no right to them, for he
was nothing but a quack.

The evidence to support this plea is found in the testimony
of Clark Thompson, who states that the plaintiff said " he
had ascertained that the person who signed the letter was
not entitled to M. D., and if so, he was nothing better than a
quack.".

Waiving any question whether if this witness was fully
believed, his testimony supported the plea, we ground our
opinion upon the right belonging to the jury, under tne
circumstances of the case, to consider the fact as not fully
proved.    The general rule is, that when a fact is sworn to
by a witness of fair fame, and who is uncontradicted by other
testimony, or any circumstances in which he may stand, the
jury are not at liberty to disregard his testimony.    The rule,
and an exception to it, are laid down in the case of *Wait* v.
*M'Neil*, 7 Mass. R. 261.    We think a qualification of the
rule may grow out of the nature or subject matter of the
testimony.    If it relate to *declarations* or conversations
happening some time before the witness is called to testify,
and the precise words are important to the point in issue, and
the witness, though confident, is not positive in his testimony,
the jury are at liberty to refuse such entire credit as may be
necessary to satisfy them that the words in question are fully
proved.    In the case before us the witness admitted that he

249

---

[1] See 1 Wms's Saund. 244 *c*, n. 7; Starkie on Slander, (Amer. ed.) 255.

Harding
*v.*
Brooks.

might be mistaken; and the words testified to on the trial varied from those inserted in the plea, which probably had been taken from his relation at a former period. A trifling variance in the expression from the form of words testified by the witness, would have rendered them wholly inapt to prove the issue. The lie consists in the plaintiff's having said, that he had *ascertained* that Mr. Smith was not entitled to the distinction of M. D. If he said, *I have examined and do not find that he is entitled to it,* — or, *I have learned that he is not entitled to it,* or if he had used any other expression falling short of an assertion of his knowledge, he might be convicted of a mistake, but not of a lie. Now we do not think it was an illegal stretch of charity in the jury to doubt, in behalf of a minister of the gospel of good character, of his having lied, when the witness by whom the lie was to be proved intimated doubts of his own correctness as to the words used, and when the exactness and even the collocation of the words might be important to settle their bearing upon the point in issue.

We are therefore of opinion that judgment must be rendered on the verdict.