# Hall *v.* Haines, Appellant.

*Account render—Action—Judgment quod computet—Acts of April 4, 1831, P. L. 492, October 13, 1840, P. L. (1841) 1, and June 24, 1895, P. L. 243.*

1. A judgment quod computet in the ordinary common law action of account render is interlocutory only, and no appeal lies from it.

2. The Act of June 24, 1895, P. L. 243, allowing an appeal from a decree of the common pleas requiring an account, is restricted to cases where the court has made the decree in the exercise of its chancery powers.

3. In an account render where the plaintiff proceeds under the Act of April 4, 1831, P. L. 492, a formal judgment quod computet is not necessary, inasmuch as the substance of such judgment is impliedly embraced in the general finding.

4. The plaintiff in an account render is not compelled to proceed under the Act of April 4, 1831, P. L. 492, since under the Act of October 13, 1840, P. L. (1841) 1, when the liability of defendant to account is established, the court in its discretion, may either appoint auditors and proceed according to the practices and usages of the common law, or direct a jury to be impanelled to settle the accounts of the parties.

Argued Dec. 7, 1908. Appeal, No. 210, Oct. T., 1907, by defendants, from judgment quod computet of C. P. Lehigh County, October T., 1905, No. 25, in case of Francis L. Hall v. Alvin S. Haines and J. Martin Koons, trading as the Provident

Slate Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Appeal quashed.

Action of account render.   Before TREXLER, P. J., sitting without jury.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*Frank Jacobs,* for appellants.

*Joseph J. Brown,* with him *Edward Harvey,* for appellee.

PER CURIAM, February 26, 1909:

The Act of April 4, 1831, P. L. 492, provides that the jury, in an action of account render, shall have full power to settle the accounts between the parties, and find in favor of the plaintiff, or one or more of the defendants, such sum or sums as shall appear to be due.   When this act is proceeded under, a formal judgment quod computet is not necessary; the substance of such judgment is impliedly embraced in the general finding: McLean's Executors v. Wade, 53 Pa. 146.   It would seem, however, not to be compulsory to proceed under that act, for by the Act of October 13, 1840, P. L. (1841) 1, it is provided that after it shall have been found, or admitted by the pleadings, that the defendant is liable to account to the plaintiff, it shall be in the discretion of the court, to either appoint auditors and proceed according to the practices and usages of the common law, or direct a jury to be impaneled to settle the accounts of the parties, and find the balance due the plaintiff and defendant.   In the present case the plaintiff did not proceed under the act of 1831, but prosecuted the case to judgment quod computet, according to the course of the common law, and from that judgment, nothing further having been done in the case, the defendants took this appeal.   We do not question the regularity of the proceedings leading up to the judgment, but clearly it is not a final disposition of the matter in controversy: Newbold v. Sims, 2 S. & R. 317; Tutton v. Addams, 45 Pa. 67;

2 Brightly's Troubat and Haly's Practise, secs. 1696, 1700. In Beitler v. Zeigler, 1 P. & W. 135, the writ of error was quashed for the reason that a judgment quod computet is interlocutory, and we are not aware of any subsequent case in which that ruling has been questioned. It was distinctly recognized in Gesell's Appeal, 84 Pa. 238. The Act of June 24, 1895, P. L. 243, allowing an appeal from a decree of the common pleas requiring an account, is restricted to cases where the court has made the decree in the exercise of its chancery powers, and therefore does not apply to the common law action of account render.

The appeal is quashed at the costs of the appellant and the record remitted with a procedendo.