SMITH and others, executors of Gamaliel Smith, *vs.* HICKS.

Where two persons *agree,* equally to bear and pay the losses and damages which may be sustained in consequence of one of them becoming special bail for a third person, and after they have equally contributed to the payment of the debt, one of them is refunded the amount paid by him, he is answerable to the other for a moiety of the money received by him.

Where a *bill of particulars* stated the demand to be for monies received by the defendant for the use of the plaintiff's testator, specifying the amount at $605,63, and setting forth the foundation of the claim, proof that the defendant received $644,45 on the same account, was held to be *no variance.*

A *bill of particulars* is sufficiently certain and definite if it apprises the party for whose benefit it is given, of the *evidence* which is to be offered, so that there can be no mistake as to the preparation to be made to resist the claim.

A verdict will not be set aside as contrary to evidence, unless there be a decided preponderance against the verdict.

THIS was an action of *assumpsit* tried at the New-York circuit in October, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration contained two counts, each for money had and received, lent and advanced and paid, laid out and expended; in one the indebtedness was laid to the testator, and a promise to him; in the other the indebtedness was laid in like manner, and the promise to the plaintiffs: From the evidence on the trial the following facts appeared: By an arrangement between the testator and Hicks, made in January, 1820, the latter became special bail for one Webster, in a suit commenced against Webster and his partner, Griswold; the testator and Hicks agreeing that they would equally bear all loss and damage which should accrue from his having thus become bail. On the 7th February, 1821, the testator gave Hicks his note for $1211,26, at three months, being the one half of the judgment, interest and costs in the suit against Webster and Griswold, which note was duly paid. In 1824, previous to the commencement of this suit, Griswold, one of the firm of Webster & Griswold, applied in the city of New-York for a discharge as an insolvent debtor; upon which occasion Hicks, the defendant in this cause, was examined as a witness, and testified that he had received from one William H. Imlay, to whom Griswold had executed an assignment of property to a large amount, his note for $1288,98, payable in April, 1822, in consequence of money which he had been obliged to pay for Griswold as his special bail; and that such note *had been* duly paid at maturity. On this evidence the plaintiffs rested.

The defendant read the *bill of particulars*, served in this cause; it was in these words: "April 4th, 1822, cash received by the defendant, Oliver H. Hicks, for the use of Gamaliel Smith, in his life time, $605,63; the said sum of $605,63 being the one half of the sum of $1211,26 previously paid by the said Gamaliel Smith to the said Oliver H. Hicks, under an agreement that the said Gamaliel Smith should equally bear and pay with the said Oliver H. Hicks the losses and damages, &c. which the said Oliver H. Hicks might sustain by reason of the said Oliver H. Hicks becoming bail for one Cyprian Webster, in a suit," &c.; setting forth the agreement as above stated, and moved that the plaintiffs be nonsuited for the variance between it and the

evidence adduced ; which motion was denied.    The plaintiffs admitted that the defendant had received only the one half of the amount for which he had become liable as special bail for Webster ; and that the note of Imlay had been given for that half.    The defendant then produced the deposition of William H. Imlay, in which he deposes that the note given by him to Hicks was lent for the accommodation of Hicks ; that for his indemnity he received from Hicks an order of Griswold on his clerk, then in Georgia, for the same amount as his note ; that it was distinctly understood that Hicks should reimburse him the amount of his note, should he fail in realizing the amount thereof out of the order ; that the first payment he realized on such order was in May or June, 1824, (which was subsequent to the commencement of this suit,) when he received between $500 and $700 ; since when he has received $100 more ; and that Hicks is still liable to him for the balance.    Griswold also testified that the note of Imlay to the defendant was advanced as a loan, and that the defendant was liable to Imlay for the amount thereof, if it was not realized on the order drawn by him on his clerk.    It further appeared in evidence, that the testimony of the defendant on the application for a discharge by Griswold agreed with the statements then made by Griswold, and that the defendant testified that Imlay had arranged the security for him as special bail.

The judge charged the jury that to sustain the action it was indispensable that the plaintiffs should shew that the money was had and received prior to the commencement of the suit ; that the note of Imlay, from the testimony of Imlay, appeared to be a loan for the accommodation of the defendant, and nothing was received under the order of Griswold till several months after the suit had been commenced ; and if they believed that no money had been received under the order prior to the commencement of the suit, it was a fatal objection to the maintenance of it ; but that independently of this objection, the defendant was not liable, in any event, to the plaintiffs, provided he had received only one half of the amount for which he was liable as special bail, unless they should believe, from the testimony adduced, that he had received the same on the joint account of himself and

the testator. To the last part of this charge, "unless they
should believe," &c. the defendant excepted. The jury found
for the plaintiffs. A motion is now made for a new trial.

*B. F. Butler,* for the defendant, insisted that the variance
between the bill of particulars and the evidence was fatal ;
that the money received by the defendant was on his own ac-
count, and towards his individual indemnification, and not on
the joint account of himself and the testator ; that the note of
Imlay being but a loan, and no money received under the or-
der of Griswold until after the commencement of this suit, the
suit was prematurely brought ; that the charge of the judge
was incorrect in the particular alluded to, and the verdict was
against evidence.

*H. Bleeker,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J. The first question in this
case is whether there was a material variance between the
bill of particulars and the proof. The variance relied on, I
presume, is this ; the plaintiffs claim the half of $1211,26,
when by the proof they are entitled to recover, if at all, the
half of $1288,91.

A bill of particulars has been sometimes said to be an am-
plification of the declaration ; its object is to apprize the op-
posite party of the nature of the action or defence. It has
therefore been decided by this court that it need not be as
special as a count upon a special contract ; and if there are
some variances between the bill and the proof, the plaintiff
should not be nonsuited or the defendant's defence excluded,
provided there has been no surprize upon the opposite party.
If the bill of particulars has apprized the other side of the
evidence which is to be offered, so that there can be no mis-
take as to the preparation to be made to resist the claim, the
party furnishing the bill of particulars should not be prejudi-
ced. In the case of *Holland* v. *Hopkins,* 2 *Bos. & Pul.* 243,
the plaintiff's bill of particulars was for horses sold and deliv-
ered to the defendant or his servants ; the proof offered was for
money which the defendant had received for horses sold by
the defendant as agent of the plaintiff: this was held to be a
variance, and the plaintiff was nonsuited. The court held
the nonsuit right, but they set it aside, and allowed an amend-

ment on payment of costs. Lord Eldon said that under such
a charge, the defendant comes prepared to prove that he
owes nothing for horses purchased; but he thought it would
have been sufficient for the bill of particulars to have stated
that on, &c. the horses were sent to the defendant, and that
the plaintiff demanded the value of them, or so much as they
sold for. In *Brown* v. *Hodgson, 4 Taunt.* 189, the bill of par-
ticulars was, " To 17 firkins of butter, £55,6," not saying for
goods sold; the declaration was for goods sold and for mon-
ey paid. From the circumstances shewn at the trial, the
plaintiff could not recover as for goods sold, but could upon
the count for money paid; and the court held the bill of par-
ticulars sufficient. It is there said bills of particulars are not
to be construed with all the strictness of declarations; this
bill has no reference to any counts, and it sufficiently ex-
presses to the defendant that the plaintiff's claim arises on
account of the butter. In *Bonney* v. *Seely, 2 Wendell,* 481,
under a bill of particulars stating money paid, it was held the
plaintiff might prove a payment in land, being money's worth.
In this case, the bill sufficiently informs the defendant that
the claim is for half the amount paid by the plaintiff's testa-
tor on account of the defendant's being bail for Webster un-
der the testator's agreement. It would have been more
correct to have claimed one half the amount received by the
defendant, by way of reimbursement, for monies thus paid;
but as it is, I think the defendant could not have been surpri-
zed, and if the plaintiffs do not recover as much as they
ought, the misfortune is theirs, and the defendant has no rea-
son to complain on that account.

Upon the merits, the plaintiffs made out their case precise-
ly as they did on the former trial; and upon that statement
of facts, it has been adjudged by this court that they were en-
titled to recover. 2 *Wendell,* 202. In addition to the rea-
sons there assigned, I would add, that by the arrangement
between Smith and Hicks, each was to bear half the loss sus-
tained by Hicks in consequence of his becoming bail for
Webster. Suppose the defendant retains the whole amount
received by him according to the plaintiff's testimony, so far
from sustaining half the loss, he sustains no loss at all; he is
fully reimbursed for all he ever advanced, but the estate rep-

resented by the plaintiffs sustains the whole loss. But for the special agreement between Smith and Hicks, I agree there would be no claim. In ordinary cases, where two persons sustain an equal loss as sureties for a third person, and one of them subsequently receives the whole amount paid by him, his co-surety has no claim upon him for any part of it.

Had this testimony stood uncontradicted, or had the jury believed it, they should have found a verdict for the defendant; but it had been proved to them that on a former occasion both Griswold and the defendant had testified that the note of Imlay was given to settle the claim against Griswold for the defendant's being bail for his partner Webster; that Imlay had arranged the security for him as special bail. To set aside a verdict as contrary to evidence, there should be a decided preponderance against the verdict; but there is no such preponderance in this case. For the defendant, Imlay and Griswold testified: Griswold had testified differently before the first judge on his own application for a discharge; and it appears from the report of the case in 2 *Wendell,* 202, that he testified differently on the former trial. There is then only the oath of Imlay against that of the defendant. There is therefore no preponderance, and a new trial should be denied.