## Hiram Davis and another v. Jared Freeman.

The policy of the law will not permit parties to make that liquidated damages, by calling it such in their contract, which in its nature is clearly a penalty or forfeiture for non-payment.

Where one party agreed to draw for another a quantity of timber at one dollar fifty cents per thousand feet, one dollar per thousand of which was to ·be advanced, and the remainder to be " settled, fixed and liquidated damages," in case the contract was not completed; it was *held,* that the sum so fixed was to be regarded as a penalty; since otherwise the nearer the contract was completed the greater the damages to be recovered; while *if the party* should fail to draw any of the timber there could be no recovery.

The office of a bill of particulars is to inform the opposite party of the causes of action to be relied upon on the trial which 'are not specifically set out in the declaration.

On a trial by jury, if the plaintiff recover less than $100, the Judge is to determine whether his claim as established at the trial exceeded $200 and was reduced by set off; and if so, the plaintiff should recover costs.

*Heard April* 12th. *Decided May* 13th.

Error to Shiawassee Circuit.

The action below was brought by Freeman, who in the first count of the declaration set out a contract made November 15, 1859, by which defendants (below) were to draw within the winter next following, all the pine timber on a certain lot of land, at one dollar and fifty cents per thousand feet, to be paid for as follows: " Whatever supplies are necessary to carry on said job, up to one dollar per thousand feet, as fast as said logs are barked, inspected and scaled ; it being understood that the second party [Freeman] is to furnish enough supplies to make the commencement of said job in advance of there being any logs barked, it being understood that the advance is to be part of the one dollar payment, and the balance, fifty cents per thousand feet, to be paid in money when this contract is completed ; it being understood that the balance kept back is to secure the completion of this contract; and it is hereby agreed between the parties that the fifty cents per thousand feet is settled, fixed and liquidated damages, in case this contract is not completed by said first party."

Which contract it was alleged Davis & Ingersoll had failed to perform on their part.

The declaration also contained the common counts.

Defendants demanded a bill of particulars of the plaintiff's demand, and one was furnished, specifying hay, lumber, chains, &c., and payments for defendants, but no way referring to the contract.

Defendants pleaded the general issue, and gave notice of set off.

On the trial before a jury, the contract was offered in evidence, and objected to by defendants, on the ground that plaintiff had abandoned his claim under the same, by filing a bill of particulars which does not include any claim under the contract. The objection was overruled, and the contract received in evidence.

The Circuit Judge charged the jury that the damages referred to in the contract were liquidated and fixed by the parties, and that if the jury found that defendants had failed to fulfil on their part, plaintiff was entitled to have fifty cents per thousand feet deducted from the whole sum to be paid them for the delivery of the logs. To this charge, defendants excepted.

The jury returned a verdict for plaintiff for seventy-five dollars, and the Court gave judgment for that amount, and also gave costs of suit, "for the reason," as stated in the bill of exceptions, "that the plaintiff's claim, as established at the trial, exceeded two hundred dollars, and that the same was reduced by set off."

Defendants brought error.

*McCurdy & Raynale*, for plaintiffs in error:

1. It was error to admit the contract in evidence — it not being covered by the bill of particulars: — 7 *Cow.* 317; 17 *Wend.* 20; 1 *Burr. Pr.* 432.

2. The fifty cents per thousand mentioned in the contract was in the nature of a penalty, and not liquidated

damages:—*Sedg. on Dam.* 429; 1 *Denio*, 464; 16 *N. Y.* 277; 18 *Barb.* 50, 338; 21 *N. Y.* 253; 5 *Mich.* 123.

3. It was error to award costs to plaintiff. The Circuit Judge could not know how much of plaintiff's demand the jury found "established," nor whether it was reduced by set off or not.

*Goulds & Hanchett*, for defendant in error:

1. The contract being specially declared upon, it was. not necessary to mention it in the bill of particulars: — *Green's Pr.* 344; 4 *Wend.* 200; 19 *Conn.* 309; 5 *E. L. & Eq.* 441; 5 *C. & P.* 340; 8 *C. & P.* 769; 1 *Burr. Pr.* 430; 2 *Arch. Pr.* 221.

2. The charge with respect to the damages was correct. The case was a proper one for the parties to fix upon and settle the damages:—5 *Mich.* 137; 16 *N. Y.* 469; 19 *Barb.* 106; 17 *Wend.* 447; 22 *Wend.* 201.

5. The Court was right in awarding costs:—14 *Wend.* 68; 3 *Ind.* 430; 8 *Blackf.* 556.

MANNING J.:

The plaintiffs in error were to have one dollar fifty cents per thousand feet for drawing the timber, one dollar· of which was to be paid as the timber was drawn, in supplies to enable them to carry on the job, and the remaining fifty cents in cash, when all the timber was drawn. In the language of the contract, "it being understood that the balance kept back is to secure the completion of this contract; and it is hereby agreed between the parties that the fifty cents per thousand feet is settled, fixed and liquidated damages, in case this contract is not completed by the said first party."

They having failed to draw all the timber, the question is whether the fifty cents per thousand feet on what was drawn, and which was to be paid on completion of the contract, is to be regarded as stipulated damages, or in.

the nature of a forfeiture or penalty for not completing the contract? The Court below charged the jury that the fifty cents per thousand feet on what had been drawn was stipulated damages. In this we think the Court erred. If stipulated damages for a non-performance of the entire contract, the defendant in error could not recover any other or greater damages for a non-performance, in whole or in part. And it would follow that he could recover no damages whatever on the contract, had the plaintiffs in error refused to draw any of the timber. Such clearly could not have been the intention of the parties. They must have intended that if the plaintiffs in error should draw a part of the timber, and not the whole, they should not be paid the fifty cents per thousand on what had been drawn by them. That, in the language of the contract, it should be "fixed and liquidated damages." If the contract had provided for the payment of fifty cents per thousand feet as liquidated damages for the timber not drawn, the case would be altogether different. For the nearer such a contract was completed, the less would be the damages. The damages would be proportioned to the non-performance. But the contrary would be the case as the contract is, if the fifty cents per thousand is to be regarded as liquidated damages, and not as a penalty. For the nearer the contract is completed the greater are the damages in case of failure. The damages for not drawing five thousand of five hundred thousand feet would be $247,50, whereas the damages for failing to draw four hundred and ninety-five of the five hundred thousand would be only $2,50. The policy of the law will not permit parties to make that liquidated damages, by calling it such in their contract, which in its nature is clearly a penalty, or forfeiture for non-performance. While it allows them in certain cases to fix their own damages, it will in no case permit them to evade the law by agreement. See *Jaquith v. Hudson*, 5 *Mich.* 123.

DAVIS v. FREEMAN.

There was no error in admitting the contract, which is set out verbatim in the first count of the declaration, to be given in evidence, because it was not mentioned in the bill of particulars. The office of a bill of particulars is to inform the opposite party of the cause or causes of action the party giving it intends to rely on at the trial, not specifically set out in the declaration, or notice accompanying the general issue.

The damages recovered by the plaintiff (defendant in error) were less than $100, and within the exclusive jurisdiction of a justice's court; and it is insisted the Court erred in allowing him costs. The bill of exceptions states they were allowed because the plaintiff's claim as established on the trial exceeded $200, and was reduced by set off. We see no error in this, as the statute provides that, when the plaintiff shall recover any sum, he shall recover costs, if it appear that his claim, as established at the trial, exceeds $200, and the same was reduced by set off. The judge, and not the jury, as it was insisted on the argument, is to determine that fact.

The judgment must be reversed, and a new trial granted.

MARTIN CH. and CAMPBELL J. concurred.

CHRISTIANCY J. :

I concur in the opinion of my brother Manning. It is very clear that the fifty cents per thousand feet was never estimated by the parties as the actual or probable damages to result from a breach, and that in fixing upon this sum they had no reference to the idea of *compensation*. It is therefore, in its nature, but a penalty, and even if the parties intended it should be actually paid, the law will not enforce it; and only such actual damages can be recovered on the contract, as may be shown by the proof.

*Judgment reversed.*