In re Estate of Nakuapa, (w.)

---

SUPREME COURT—IN BANCO.

---

JULY TERM—1869.

*Allen, Ch. J., Hartwell, J.*

---

IN RE ESTATE OF NAKUAPA, (w.)

A NEW TRIAL is not granted for inconsistency of EVIDENCE.

. Motion for new trial, argued by agreement before the full Court.

The appellant, Kaoaopa, claimed to be entitled as heir to

the estate, by virtue of being the adopted daughter of the decedent. At the hearing before the Chancellor, sitting in Probate, it was adjudged that the appellant had not established her claim to be an adopted daughter. Upon this issue of fact, a trial was had at said term of this Court, and a verdict rendered by the jury as follows: "Eia ka mea i holo ia makou ka poe Jiure, ma ko makou noonoo maikai ana: ke hooiaio aku nei makou he keiki hanai o Kaoaopa (w.), na Puhalahua (k.), a me Nakuapa (w.);" which may be translated thus: "The following is the verdict of the Jury upon due consideration: we affirm that Kaoaopa (w.), was a 'keiki hanai' of Puhalahua (k.), and Nakuapa (w.)"

W. C. JONES FOR APPELLANT.

1. To set aside a verdict, where there is evidence on both sides, there must be such a preponderance of evidence as to satisfy the Court that there was either an absolute mistake on the part of the jury, or that they acted under the influence of prejudice, passion, or corruption. [Cohen vs. Dupont, 1 Sandf., 260; 4 Abb., N. Y. Dig., 142; Williams vs. Bake, 49 Me., 427.]

2. If there is a conflict of evidence in a question rightly submitted to the jury, the Court will not grant a new trial on the ground that the verdict is against evidence, even though they deem that the conclusion reached by the jury is erroneous. [Mitchell vs. Latham, 6 Cow., 682; Fleming vs. Hallenback, 7 Bar., 271; Mackay vs. N. Y. C. R. R. Co., 27 Bar., 528; Stoddard vs. Long Island R. R. Co., 6 Sandf., 180; 1 Hilton, N. Y., 350.]

A. F. JUDD FOR APPELLEES.

1. The general law on the subject of new trials is admitted; but in this case, there is an irreconcilable conflict

of testimony on the part of the claimant, not alone between the claimant's testimony and that of the appellees.

2. Of the three witnesses who testify as to the act of adoption, one says it was at the Sandalwood Expedition, at Waialua, in 1827–8, and that the child was born in 1827; another says he was present at the giving away of the child by her parents a half a year after this expedition, and that she was then as high as the clerk's rail; and another says she was given away when twenty years old,—about 1846. If the adoption was since 1841, it is invalid, there being no writing to support it, as required by statute.

If the claimant's own witnesses prove three distinct adoptions, it shows that their testimony is false, and *not* that one corroborates another; for, if one is good, why make another? The claimant's witnesses contradict each other as to her age, which shows that it is all a made up story.

3. The jury found that Kaoaopa was the keiki hanai of *both* Puhalahua and Nakuapa; but the testimony points to Puhalahua alone.

The marriage of Puhalahua and Nakuapa, whether in 1834, as Konoa testified, or in 1837, according to the evidence of Kaaihue, was subsequent to the times of the alleged acts of adoption.

5. The property in question was Nakuapa's, not Puhalahua's, and the claim of Kaoaopa to this property alone is to be considered, as by Puhalahua's will, made in 1855, and admitted to probate in 1866, Nakuapa became the sole owner of this property.

6. The evidence of those more personally acquainted with the parties is, that they never heard of this alleged adoption, and that the claimant lived with decedent's family as a friend or servant.

7. Claimant lived with her own parents as well, and inherited the land of her own father, Kaahumanu.

In re Estate of Nakuapa, (w.)

HARTWELL, J.: The counsel, very properly, have cited in their briefs the full evidence bearing upon their points, with references to the pages on the Clerk's record.

The cases cited by the appellant's counsel, so far as they are accessible to the Court, are found to sustain the views advanced in regard to granting new trials.

There are strong authorities that *mere* preponderance of evidence against a verdict, will not warrant setting it aside, and that the jury alone are to judge of the weight of evidence. [Hilliard's New Trials, 345.] The preponderance should certainly be clear and strong. [Smith *vs.* Hicks, 5 Wend., 48.] And the result arrived at by the jury must be so manifestly wrong, as to make it apparent that it was produced by prejudice, bias or mistake. [Hunnewell *vs.* Hobart, 40 Me., 28.]

It may be regarded as a settled point, that this Court will not disturb a verdict, in cases of conflicting evidence, when the verdict can be sustained upon any theory consistent with the testimony.

This case, especially, precludes the Court from interposing their own views of the evidence of native witnesses given before a native jury, on a matter peculiar to the customs of this country. Whether the date of the adoption was correctly stated by one or another of the claimant's witnesses, or whether their recollection failed them or not, as to her age when adopted, or whether or not some of the evidence was manufactured, we can not say that they *all* testified falsely. The jury may have believed either of the witnesses who referred the adoption to a period antecedent to 1841, and may have felt satisfied that some mistake existed in regard to the age of the child. The witnesses certainly give varied statements upon these matters, but who can say, now, that no one statement was true? It must be borne in mind, that the aged witnesses were testifying to events that occurred thirty or forty years ago, and the jury may have seen in their bear-

ing and statements—of which only a hastily-rendered translation is given us—enough to satisfy them, if not the Court, of the *fact* which they found in their verdict.

The fact that the decedent's husband adopted the appellant before their marriage, does not affect her rights, especially as she lived with both as their "keiki hanai," after the marriage. Nor is any claim of the appellant in this estate, if she have any, affected by her having inherited the property of her own parents.

New trial refused.