MILO D. MATTISON *vs.* CHAUNCEY W. BUTTERFIELD AND HENRY MANEE.

Plaintiff brought assumpsit on promissory note for $114, and recovered that sum. *Held*, that the defendant was entitled to costs.

*Van Buren Circuit*, 1871.

The plaintiff brought suit on a promissory note. Judgment was rendered for $114, being full amount of the note and interest, and the full amount established at the trial.

The defendant moves for judgment for costs.

*S. H. Blackman*, for the motion.

*N. Foster, Contra.*

*By the Court*, BROWN, J.—The case of *Baldy vs. Smith*, 1 *Mich. Nisi Prius*, 156, has been referred to, at the argument, as authority for the defendant. The plaintiff's counsel insists that that case does not warrant the construction claimed. In that case the amount of the plaintiff's claim, as established at the trial, was $92 94, or an amount under $100.

The question under consideration was discussed in *Strong vs. Daniels*, 3 *Mich.*, 474. In the report of that case the learned Judge is made to say, " The recovery of costs is a matter regulated by statute. Sub. 4, of sec. 3, chap. 149, of the *R. S.*, provides " that in all actions for the recovery of any debt or damages, or for

the recovery of any penalty or forfeitures, where such actions are cognizable by a Justice of the Peace, the plaintiff shall have costs." From this provision (as quoted) the Supreme Court was led to conclude that, independent of any other provision, the plaintiff would be entitled to costs in all cases if he prevails, whatever amount of debt he might recover. By an examination of the statute referred to, it will be seen that the provision relates to "such actions as are *not* cognizable by a Justice of the Peace."

With a quotation of the statute, as appears in the published laws, I think the conclusion of the Supreme Court must have been that "this provision, standing alone, and unconnected with, and independent of any other provision, would give the plaintiff cost in all cases" *not cognizable by a Justice of the Peace*, "if he prevails, whatever amount of debt he might recover." The statute just referred to, is Sub. 4. of § 5597, *C. L.*

The fifth subdivision of the same paragraph provides that "in all actions where the plaintiff shall recover any sum, if it appear that his claim, as established at the trial exceeded two hundred dollars, and the same was reduced by set-off," he shall be entitled to costs. And where a question arises, where the defendant has set-offs and plaintiff recovers less than $200, as to whether the plaintiff has established a claim exceeding $200, the Judge and not the jury is to determine that fact. *Davis vs. Freeman*, 10 *Mich.*, 192.

It was held in the case of *Inkster vs. Carver et. al.*, 16 *Mich.*, 488, that the law of 1867 is not to be understood as changing the pre-existing law in regard to the party entitled to recover costs in suits commenced in the Circuit Court. The "pre-existing law" referred to, is to be found in subdivisions 4 and 5, of § 5597, of the *C. L.*, already referred to.

Is this action one cognizable before a Justice of the Peace—within the jurisdiction of a Justice of the Peace?

A Justice of the Peace has original jurisdiction of all civil actions wherein the debt or damages do not exceed one hundred dollars; and concurrent jurisdiction wherein the debt or damages do not exceed three hundred dollars, except in certain specified cases, as libel, slander, &c. *C. L.*, § § 3653, 3654. See also § 3418, *C. L.*; Sec. 18, Art. 6, *Const.*

This action was brought to recover upon a promissory note, upon

which the plaintiff claimed and recovered judgment in the sum of $114. This was within the jurisdiction of the Circuit Court. It was also cognizable before a Justice of the Peace. To say that it was not within the *exclusive* jurisdiction of a Justice of the Peace would be true, but it would not be true to say that it was " not cognizable before a Justice of the Peace." This being the case, it follows that there is nothing in the fourth subdivision of § 5597 authorizing the plaintiff to recover costs.

The plaintiff's claim as established at the trial did not exceed two hundred dollars. It follows that he is not entitled to recover costs under the fifth subdivision.

The attention of the Court has not been challenged to any other provision of law by which the plaintiff would be entitled to recover costs, and I have been unable to find any such provision.

It is true that at the time of the passage of the law governing costs, Justices of the Peace did not have concurrent jurisdiction with the Circuit Courts. But as to the propriety in retaining the old law, notwithstanding the provision in our new constitution and the legislation had in pursuance thereof, the Court has nothing to do. The Supreme Court has, in several decisions since the adoption of the new constitution recognized the prior statutes as to the party entitled to costs, as still in force.

From the foregoing considerations I am forced to the conclusion that the plaintiff is not entitled to costs, and by reference to § 5600, *C. L.*, it will be observed that " in case a plaintiff recover judgment, but not enough to entitle him to costs " the defendant is entitled to judgment for his full costs.

Let the defendant's costs be taxed and judgment be rendered in his favor therefor.