MOSES FREEHLING v. JOHN B. KETCHUM AND MARSHALL KETCHUM.

*Bill of particulars—Sales on commission.*

In an action on the common counts a bill of particulars as full as the accounts customarily rendered among merchants when they have previously sent invoices is sufficient if not objected to, or if no farther bill is called for.

A count for money had and received includes any dealings whereby money due to plaintiff came into defendant's hands as factor, from sales on commission.

Where a bill of particulars in an action on the common counts states the dates and amounts of the several sales and deliveries to the defendant of merchandise to be sold on commission, it is sufficient to indicate the transactions from which arose the claim for money had and received; the claim on account stated, if growing out of these dealings, is governed by the same rule.

Case made from Newaygo. Submitted June 21. Decided October 9.

ASSUMPSIT. Defendants had judgment below.

*Gray & Luton* for plaintiff. When defendants are not satisfied with a. bill of particulars they should demand a fuller one, *Bell v. Puller*, 2 Taunt., 285.

*A. G. Day* for defendant. If a bill of particulars is insufficient the court may non-suit the plaintiff, allow farther time to furnish it, or require delivery of a more particular bill. Circ. Court Rules 37, 38.

CAMPBELL, C. J. Freehling sued the Ketchums under the common counts for goods sold, work and labor, money lent, money had and received, and account stated.

The record shows a bill of particulars (whether demanded or voluntarily furnished does not appear), which contained six separate charges for the aggregate value of goods furnished to sell on commission, on vari-

ous days mentioned, and three similar charges for goods sold on various days, giving the aggregate charge in each instance, but not giving the separate articles of goods thus furnished. No objection seems to have been taken before trial, and no demand was made for a fuller itemized bill.

On the trial three several classes of testimony were offered and ruled out. 1. Plaintiffs offered to prove that they furnished the goods specified, to be sold on commission, which defendants had sold, but had retained the proceeds. 2. They offered proof of the sale and delivery of the goods mentioned in the bill of particulars as sold to defendants. 3. They offered to show an accounting and balance struck.

All these were rejected. The commission transactions were ruled out on the double ground that there was no count in the declaration averring the relation of factors, and that the particulars were not itemized. The sales were rejected as not itemized. The account stated was rejected as not mentioned in the bill.

The objection that the bills were not itemized is without force. The bill of particulars informed defendants of the dates and amounts of the several sales and deliveries of merchandise. This is all that can usually be necessary to inform a defendant what he is expected to meet, and if he is dissatisfied and really needs a fuller statement, he should demand it. There was nothing in the present bill which was obscure or evasive, and the bill was as full as is customary among merchants in rendering accounts where they have previously sent invoices which the debtor is presumed to have received. If he has not received such invoices, or desires a fuller bill, fair practice requires that he shall not lie by until trial and then spring such a technical objection for the first time. The purpose of the rules in allowing bills of particulars to be demanded is to enable defendants to avoid surprise, and not to enable them to make vexatious requirements. The testimony

was admissible if the bill came within the counts at all. *Goodrich v. James*, 1 Wend., 289; *People v. Monroe*, 4 Wend., 200; *Smith v. Hicks*, 5 Wend., 48; *Davis v. Freeman*, 10 Mich., 188; *Tefft v. McNoah*, 9 Mich., 201.

There can be no doubt of the sufficiency of the bill for goods sold.

In regard to the commission dealings, although there is no count which sets out in terms the fact of agency, yet the count for money had and received clearly includes any dealings whereby money due to plaintiff came into the hands of defendants, and the items of goods furnished on commission were sufficient to indicate out of what transaction the claim for money had and received arose. The cases cited sustain this position, and the claim of account stated, if growing out of these dealings would be governed by the same rule. It was therefore error to exclude any testimony which would have made out these claims.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.