PATRICK MURRAY, PLAINTIFF IN ERROR, v. SCHOOL DISTRICT No. 3, IN PLATTE COUNTY, DEFENDANT IN ERROR.

**Practice:** ERROR: MOTION FOR A NEW TRIAL: EXCEPTION. In order to obtain a review in the supreme court by proceedings in error of questions properly included in a motion for a new trial, it is indispensable that exception be taken to the ruling of the court below on the motion.

ERROR to the district court [for Platte county, SAVAGE, J., presiding in absence of POST, J. The case was heard here and decided at January term, 1880, but a motion for a rehearing having been made, the opinion was reserved by the court until the filing of the opinion on the motion at the present term.

*Whitmoyer, Gerrard & Post,* for plaintiff in error.

*N. Millet & Son,* for defendant in error.

LAKE, J.

This is a petition in error from Platte county, and must be determined on the first point made in the brief of counsel for the defendant in error, viz.: that "there is no exception to the order overruling the motion for a new trial." In order to obtain a review in this court by proceedings in error of questions properly included in a motion for a new trial, it is indispensable that ex-

ception be taken to the ruling of the court below on the motion.  *Lowrie v. France*, 7 Neb., 191.  *Foster et al. v. Robinson*, 6 Ohio Stat., 90.

In the court below the case was sent to a referee to take the testimony and report upon all questions, both of law and fact.  It appears that a motion for a new trial was filed with the referee, but there is nothing to indicate that he acted upon it.  This motion was subsequently refiled in the district court, but whether it was there considered is not shown.  On the coming in of the report of the referee there were also filed certain "objections" thereto, which probably were duly considered by the court and overruled at the time of entering final judgment in the action, as in the journal entry thereof it is recited that it was "ordered that the said exceptions to said report be overruled," and judgment was thereupon rendered conformably with the recommendations of the referee.  At the end of this judgment entry it is stated that "the defendant excepts."  This exception, however, is indefinite, so much so that it cannot be known whether it was directed to the overruling of the "objections," or to the final judgment of the court.  And further, in this assignment of objections no demand was made for a new trial.  It is clear therefore that the defendant can take nothing in consequence of this exception.

There was, however, a formal motion made to the court for a new trial on the same day that final judgment was given, specifying, as we must presume, all the grounds relied on.  This motion, as the record shows, was the only one which the court acted upon, and it was overruled two days afterwards.  To this denial of the motion it does not appear that any objection was made, or exception taken, wherefore we must consider that the ruling was at the time entirely satisfactory and the several questions involved therein not now properly

open to review.   The several errors now here assigned
as ground for reversing the judgment of the district
court, having been included in this motion for a new
trial, were finally settled by the order of the court
thereon.

JUDGMENT AFFIRMED.