W. R. ARTMAN, PLAINTIFF IN ERROR, v. THE WEST POINT MANUFACTURING COMPANY, DEFENDANT IN ERROR.

**Final Order.** An order of a district court setting aside the verdict of a jury and granting a new trial during the term at which the verdict is returned, and before judgment, is not a final order, and therefore not reviewable by proceedings in error.

ERROR to the district court for Cuming county. Heard below before BARNES, J.

*T. M. Franse*, for plaintiff in error.

*M. McLaughlin*, for defendant in error.

REESE, J.

The plaintiff in error brought his action in the district court of Cuming county, in which he demanded judgment against the defendant in error for the sum of $3,028.69, with interest, etc. The issues were joined and the cause was tried to a jury who returned a verdict in favor of plaintiff for the sum of $1,855.32. The defendant then filed a motion for a new trial, alleging as grounds therefor that the damages awarded by the jury were excessive; that the verdict was contrary to law; that the verdict was contrary to the instructions of the court; that it was against the weight of evidence, and that there was not sufficient evidence to sustain the verdict.

The motion was sustained and a new trial granted. From the decision of the court in granting a new trial, the plaintiff brings the case into this court on error for review. No new trial has been had, and for aught that appears from the record, the cause is still pending in the district court awaiting trial. Such, we presume, is the fact.

Section 582 of the civil code provides that a "judgment or final order made by the district court may be reversed, vacated, or modified by the supreme court for errors appearing on the record."

Section 581 is as follows: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

The question which presents itself is, was the decision of the district court in setting aside the verdict of the jury and granting a new trial, a "judgment or final order?" This question is jurisdictional. If it was not, this court has no jurisdiction or authority to interfere with the order

even if improperly or erroneously made. This question has never been passed upon by this court, and the cases of *Kruger v. Harvester Co.*, 9 Neb., 526, and *Murray v. School District*, 11 Neb., 436, do not sustain the proposition contended for by plaintiff in error. Both of those decisions involve a construction of sec. 602 of the civil code, which provides for reversing, vacating, etc., judgments rendered at a previous term of such court.

By the terms of the statutes above quoted the order sought to be reviewed must not only be an order affecting a substantial right, but it must be one which "in effect terminates the action and prevents a judgment." The order in question does not do this. By this statute there are two classes of orders which may be reviewed by this court. One is where the order affects a substantial right in an action, and in effect determines the action, and the other is an order affecting a substantial right in a special proceeding, or upon a summary application in an action after judgment.

It is quite clear that an order granting a new trial during the term in which the verdict of a jury is returned cannot be said to belong to the second class of orders mentioned in the section above quoted, and it is equally obvious that it must be classed with the first. If that be true, we fail to see how it can be treated as a final order, or one which determines the action. A final order is one which disposes of the cause either by sending it out of court before a hearing is had on the merits, or after a hearing on the merits, either granting or refusing the relief demanded by the plaintiff. Freeman on Judgments, §§ 29, 30, and 36.

The case of *Conord v. Runnels*, 23 Ohio St. Rep., 601, seems to be in point, and in that case it is held that " an order of court granting or overruling a motion to set aside the verdict of a jury and grant a new trial is not a final judgment or order for the reversal of which a petition in error can be prosecuted before the final disposition of the

case." This decision was made under a statute similar to our own. The Iowa cases cited are not in point here, as the statute of that state provides in direct terms for a review in cases of this kind. In *Hall v. Vanier*, 7 Neb., 398, it is said that "no judgment or order which does not determine the rights of the parties in the cause and preclude further inquiry as to their rights in the premises is a final judgment," and in *Brown v. Edgerton*, 14 Neb., 453, it is held that "An order of a district court vacating its own judgment during the term at which it is rendered is not a final order, and therefore is not reviewable by proceedings in error." See also *Scofield v. The State National Bank of Lincoln*, 8 Neb., 16, and *School District v. Brown*, 10 Neb., 440.

It is clear that this court has no legal authority or jurisdiction to act in the premises. The petition of plaintiff in error is dismissed.

JUDGMENT ACCORDINGLY.

The other judges concur.