## THE GREAT SPIRIT SPRINGS COMPANY v. THE CHICAGO LUMBER COMPANY.

1. CROSS-PETITION — *Answer* — *Amendment of Cross-Petition* — *Practice.* Where a cross-petition sets up a mechanic's lien, and prays for a foreclosure of the same and a sale of the premises therein described, and an answer is filed containing, among other things, a general denial, and upon the trial the court permits the answer to be amended so as to allege the abandonment of work upon the building in the place of its completion, the answer on file will be regarded as putting in issue the amendment to the cross-petition; and therefore when the court and parties proceed with the trial as if the alleged abandonment was one of the issues of the case, the failure of the court to permit the filing of a new denial is not erroneous or prejudicial.

2. MECHANIC'S LIEN — *Timely Filing* — *Enforcement.* Where the foreclosure of a mechanic's lien is tried before the court without a jury, and the court finds as a fact that certain work was done upon the building upon a specific date, it will be assumed, in the absence of any showing to the contrary, that the work was done under the contract, or with the consent of the owner. In either case, the owner would be liable for the work done and material furnished, and the mechanic's lien, if filed within the statutory time after such work was done and material furnished, would be in time. (The case of *Shaw v. Stewart*, 43 Kas. 572, followed.)

### *Error from Mitchell District Court.*

ACTION to enforce a mechanic's lien. The material facts appear in the opinion.

*Kelley & McNerney*, for plaintiff in error.

*J. W. Sheafor, C. H. Hawkins,* and *A. W. Hicks*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: John H. Rodgers brought his action against the Great Spirit Springs Company, the Chicago Lumber Company, and others, to recover from the springs company the sum of $1,696.24, with interest from the 25th day of December, 1884, for work, labor and material in constructing a stone hotel upon the southeast quarter of section No. 25, town-

ship 6, range 10, Mitchell county, in this state, and to have the amount adjudged a lien upon the premises, which were alleged to be owned by the Great Spirit Springs Company. The Chicago Lumber Company filed its separate answer and cross-petition, alleging that John H. Rodgers was indebted to it in the sum of $1,688.61, with interest from the 30th day of June, 1884, for lumber and building material furnished and used in the construction of the hotel upon the premises described in the petition, and praying for judgment against plaintiff for said amount, and also for a foreclosure of a mechanic's lien filed on the 28th day of January, 1885. Subsequently, the Great Spirit Springs Company filed a reply to this answer and afterward amended the same. Trial was had before the court without a jury. Judgment was rendered in favor of the Chicago Lumber Company against John H. Rodgers in the sum of $2,128.26, with interest at 7 per cent., and also costs, taxed at $153.73. The trial court also decreed a foreclosure of the mechanic's lien filed by the Chicago Lumber Company upon the premises described in the petition, and owned by the Great Spirit Springs Company, for the amount of $2,043.34, with interest and costs. The springs company brings the case here.

It is contended that the special findings and judgment of the trial court are not supported by the evidence. The record, as to the evidence, comes to us in an unsatisfactory condition. The only statement that all of the evidence introduced at the trial is preserved in the record is the recital of the trial judge in his certificate to the case-made. This is insufficient.

"Where a case is made and settled for the supreme court, and the party making it desires that it shall be shown that the case contains all the evidence introduced on the trial, a statement to that effect shall be inserted in the case itself, and not in the certificate of the judge who settles the case." (*Eddy v. Weaver*, 37 Kas. 540; *Insurance Co. v. Hogue*, 41 id. 524.)

It is further contended that various errors occurred during the trial. These alleged errors cannot be reviewed, because no exception was taken to the overruling of the motion for a

new trial. If any errors occurred they were waived thereby. (*Lyons v. Bodenhamer*, 7 Kas. 472; *Nesbit v. Hines*, 17 id. 317; *City of Atchison v. Byrnes*, 22 id. 68.)

It is claimed that the court, after the Chicago Lumber Company had introduced its evidence and rested, allowed an amendment to its answer and cross-petition, so as to allege the abandonment of the work by Rodgers, instead of the completion of the hotel, as alleged in the original answer. The condition of the record about the amendments allowed to the various pleadings is also unsatisfactory. If, however, the amendment was allowed, as claimed, as the Great Spirit Springs Company filed a general denial to the answer or cross-petition of the lumber company, it does not seem that any amendment was necessary to put in issue the alleged abandonment of the work by Rodgers. The court and parties upon the trial seem to have fully tried this issue; therefore no prejudicial error appears.

Really the only matter before us for consideration, owing to the condition of the record presented, is, whether the judgment rendered in favor of the Chicago Lumber Company is supported by the pleadings framed by the parties. It is urged that the trial court made a great many findings of fact which were entirely unnecessary and immaterial and not within the issues of the case, but failed to make findings that were necessary in order that the lumber company could legally recover against the springs company, because the court did not specifically find that the last work on the hotel was done under the contract or within 60 days prior to the filing of the mechanic's lien of the lumber company. The court, however, made this finding:

"The hotel was never fully completed, and still remains in an unfinished state, unoccupied. In July or August, 1884, there was a cessation in the work of the plaintiff on the building, and no work was thereafter done by or for him on the building until the 25th day of December, 1884; nor after that date, at which time he put a hasp and fastening on the door which had previously been hung in the basement of the building, and locked the door with a padlock, nailed up two

doors that opened on the first story above the basement with sheeting and boards and 2x4 pieces of lumber, and also with pieces at the bottom of the door. Whether he did any further work or labor on the building at that time does not satisfactorily appear from the evidence, and whether the hasps and fastenings on the basement door were in accordance with the plans and specifications does not appear, as the plans and specifications were not offered in evidence."

The contract of John H. Rodgers required him "to do all the carpenter work on the hotel, furnish all the wood material required by the plans and specifications, excepting the lath for plastering, furnish all hardware, nails, locks, bolts, hinges," etc. It must be assumed, in the absence of any showing to the contrary, that the work done by Rodgers on December 25, 1884, was done under his contract, or with the consent of the springs company, the owner of the hotel. In either case, the springs company would be liable for the work and materials, and therefore the mechanic's lien, under the finding, was filed within time. It was decided in *Shaw v. Stewart*, 43 Kas. 572, that —

" Where the abandonment of work upon a building is caused either by the consent or fault of the owner, the building is to be deemed completed for the purpose of filing a mechanic's lien. If a contractor permanently abandons his work upon a building before completing the same under his contract, the subcontractor may, if not inequitable, consider the building as completed for the purpose of filing a lien thereon."

Finally, it is contended that if the lumber company had a lien for materials furnished, it waived its right to enforce it by withdrawing the statement or lien from record. It appears that the lien was properly filed on January 28, 1885. The answer of the lumber company in this case was filed on the 24th day of December, 1885. To prepare the answer, Joel Holt, esq., one of the attorneys of the lumber company, took the lien and papers connected with it from the office of the district clerk. It was soon returned to the clerk, but was attached to the answer of the lumber company. As between the lumber company and the Great Spirit Springs Company,

we do not think that the withdrawing temporarily of the statement or lien, and returning it to the district court as filed with the papers in this case, a sufficient cause for holding the lien waived, or inoperative. If the rights of third parties had intervened, a very different question would be presented.

The judgment of the district court will be affirmed.

All the Justices concurring.