101 359
f156 ³ 50

AUGUST KNOP v. THE NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

*Fire insurance—Conditions of policy—New trial—Exceptions—Bill of particulars.*

1. In an action upon an insurance policy issued upon the plaintiff's dwelling-house and household effects, it was insisted that under a clause in the policy which provided that it should be void "if the interest of the insured be other than unconditional and sole ownership," inasmuch as plaintiff held under a land contract, he could not recover. Plaintiff made no written application, nor any representations as to ownership. And it is held that such a condition will not invalidate the policy in such a case; citing *Insurance Co. v. Fogelman,* 35 Mich. 481; *Dupreau v. Insurance Co.,* 76 Id. 615.[1]

2. The statement in an affidavit, made by the plaintiff after the loss, that he was the sole and unconditional owner, will not prevent a recovery, as the defendant could not have been prejudiced by it.

3. To enable a party to avail himself of the provisions of Act No. 134, Laws of 1893, allowing exceptions to be taken and error assigned on the decision of the circuit judge in refusing a motion for a new trial, and providing for a review of the same by the Supreme Court, he must take exceptions to such decision, and, if he fails to do so, the error, if any, will be deemed to have been waived.[2]

4. A bill of particulars is expected to be explanatory of the declaration, and in amplification of it.

5. In the cases where it has been held that it is the duty of a party demanding a bill of particulars to re-move for a more specific bill if the one served is not satisfactory, and that an objection upon the trial comes too late, there had been some effort at compliance with the demand; citing *Freehling v. Ketchum,* 39 Mich. 299; *Township of Buckeye v. Clark,* 90 Id. 432.

---

[1] See, on this same subject, *Hamilton v. Insurance Co.,* 98 Mich. 535.

[2] See *Brassel v. Railway Co.,* 101 Mich. 7, and note.

6. Plaintiff sued upon an insurance policy covering his dwelling-house, and household furniture, beds, bedding, family wearing apparel, printed books and music, silver and plated ware, pictures, paintings, engravings, mirrors, and their frames, piano, organ, and sewing-machine, trunks, fuel, and family provisions, while contained in said building. The defendant demanded a bill of particulars, and one was furnished claiming for the complete loss by fire of the house and contents, namely, "house, $300; contents of house, $300." On the trial objection was made to the introduction of proof as to the contents of the house, on the ground that a bill of particulars had been called for, and no particulars of the contents of the house had been furnished. It was urged on the part of the plaintiff that the defendant had in its possession a list of the lost articles furnished by plaintiff; but it appeared that, after such list had been furnished, a number of articles, corresponding in description to those named in that list, had, to plaintiff's knowledge, been discovered secreted in a barn upon the premises. And it is held that defendant was entitled to know whether plaintiff still claimed to recover for such articles; that the paper furnished in answer to the demand was obscure and evasive, and gave no additional information whatever, and possessed none of the qualities of a bill of items or particulars; that the court should have exercised its discretion under Circuit Court Rule No. 38, which provides that, if the bill of particulars delivered be insufficient, the court may, in its discretion, nonsuit the plaintiff, allow further time to furnish it, or require a more particular bill to be delivered; and that it was error to permit the evidence to be introduced, over defendant's objection, under said bill of particulars.

Error to Wayne. (Hosmer, J.) Argued April 26, 1894. Decided July 5, 1894.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Elbridge F. Bacon,* for appellant.

*E. S. Clarkson,* for plaintiff.

McGRATH, C. J. Action on a fire insurance policy issued by defendant upon plaintiff's dwelling and household effects.

It is insisted that under a clause in the policy which provided that the policy should be void "if the interest of the insured be other than unconditional and sole owner-ship," inasmuch as plaintiff held under a land contract, he could not recover.  Plaintiff made no written application, nor is it claimed that he made any representations as to ownership.  It has been repeatedly held that such a con-dition will not invalidate the policy in such case.  *Farm-ers' Mut. Fire Ins. Co. v. Fogelman,* 35 Mich. 481; *Du-preau v. Insurance Co.,* 76 Id. 615.  Nor do we think that the statement in the affidavit, made after the loss, that he was the sole and unconditional owner, would pre-vent a recovery.  The defendant could not be prejudiced by such a statement.

A motion for a new trial was made in the court below, and a review is sought of the court's ruling denying the motion.  The language of the act of 1893 (No. 134) is that—

"Exceptions may be taken and error assigned on the decision of the circuit judge in refusing such motion, and the same shall be reviewed by the Supreme Court."

In the present case no exceptions were taken, and the error, if any, must be deemed to have been waived.

An objection was made to the introduction of proof as to the contents of the dwelling, for the reason that the bill of particulars described the articles for which recovery was sought as "contents of house."  Defendant had demanded a bill of particulars.  That furnished was obscure and evasive.  A bill of particulars is expected to be explan-atory of the declaration, and in amplification of it.  The paper served in the present case in response to the demand gave no additional information whatsoever, and possessed none of the qualities of a bill of items or particulars.  In those cases where it has been held that it is the duty of the party demanding the bill to re-move for a more specific

bill, and that an objection upon the trial comes too late, there had been some effort at compliance with the demand. *Freehling v. Ketchum*, 39 Mich. 299; *Township of Buckeye v. Clark*, 90 Id. 432. It is urged that defendant had in its possession a list of the lost articles furnished by plaintiff; but, after such list had been furnished, a number of articles, corresponding in description to those named in that list, had, to plaintiff's knowledge, been discovered secreted in a barn upon the premises, and defendant was entitled to know whether plaintiff still claimed to recover for such articles. The court should have exercised its discretion, under Circuit Court Rule No. 38.

For this error the judgment must be reversed, and a new trial granted.

The other Justices concurred.