## GREENLEAF *v.* LAMBERT.

1. APPEAL AND ERROR—NEW TRIAL—EXCEPTION—SAVING QUESTIONS FOR REVIEW—WEIGHT OF EVIDENCE.

   An exception is necessary to review on error the denial of defendant's motion for a new trial in a negligence action.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   *Held*, on reviewing the testimony in a case arising out of the collision of plaintiff's motorcycle with defendant's truck, conflicting contentions of the plaintiff and defendant were properly submitted to the jury, that the question of contributory negligence was one of fact for their consideration.

3. SAME—ASSIGNMENT OF ERROR—EVIDENCE.

   One assignment of error is insufficient for the review of a number of exceptions to the admission of evidence relating to distinct subjects.

4. SAME—CONDUCT OF COUNSEL—ARGUMENT—TRIAL.

   Failure to challenge remarks of counsel so as to secure a ruling or correction of the objectionable language prevents a review of the point and the judgment cannot be reversed for such reason.

Error to Bay; Collins, J. Submitted June 14, 1916. (Docket No. 119.) Decided July 21, 1916.

Case by Lloyd K. Greenleaf against Julius J. Lambert for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. W. Hitchcock,* for appellant.

*Gilbert W. Hand* (*F. W. De Foe,* of counsel), for appellee.

Stone, C. J. This case was submitted to this court upon briefs. The appellant's brief does not comply with Rule 40 of this court, and upon all disputed questions of fact it is a mere statement of appellant's claims without reference to the testimony to the contrary. We glean the respective claims of the parties from the record, to be as follows:

. The plaintiff was the owner of a two-passenger motorcycle, on which he was riding. While so doing he was injured by a collision with defendant's motor truck, which was being driven by the latter, about 6 o'clock in the afternoon of April 17, 1915, on Broadway, a paved street in the city of Bay City, upon which street there were two parallel street car track lines. It was the claim of the plaintiff upon the trial that, on the occasion of the injury, he, with his wife, was riding south on his motorcycle on Broadway (which street runs north and south) ; that he had approached Broadway from the east on Twenty-Third street and turned south at the intersection; that when he turned south on Broadway he was traveling not to exceed 12 to 15 miles an hour; he overtook the defendant, who was driving his motor truck a short distance ahead of plaintiff, going south on the west, or right-hand side of Broadway; that plaintiff proceeded south on Broadway to the right of the center of the street and near

the right-hand street car track, following a short distance behind the defendant's motor truck; that when the defendant's truck reached a point between Twenty-Fourth and Twenty-Fifth streets a little beyond the center of the block, and while defendant was traveling near to the right-hand curb, and too near the curb for the plaintiff to pass on that side, and while the plaintiff was a short distance in the rear of the same, the truck suddenly and unexpectedly, and while running at least 10 miles an hour, was negligently turned by the defendant to the left without any signal, and ran in a short half circle across Broadway directly in the path the plaintiff was traveling; that plaintiff turned his motorcycle to the left in an effort to avoid the truck but was unable to do so, but, when the truck had turned so it was facing in a northeasterly or northerly direction, plaintiff's motorcycle collided therewith, throwing him to the ground, and injuring him by breaking his leg and inflicting other injuries upon him.

An ordinance of the city of Bay City was counted upon and offered in evidence, and was referred to in the charge of the court as hereinafter indicated.

On the other hand, it was the claim of the defendant that, on the day and at the time in question, he was proceeding south on Broadway, driving his motor truck with three other men with him; that he was driving at a rate of speed not exceeding 4 or 5 miles an hour close to the west curb; that he looked back to the right and saw and heard nothing, and proceeded to turn his truck to cross Broadway, and that, when the front wheels of his truck were at the east rail of the west street car track, there was a collision with the plaintiff's motorcycle, but that he heard or saw nothing of the plaintiff up to that time; that the plaintiff was riding his motorcycle at a high rate of speed and could have avoided the collision if he had been paying attention to his business, and running his motorcycle at a

moderate rate of speed; that there was plenty of room for plaintiff to have gone by on either side of said truck; that the defendant was completely across the west car track before plaintiff's motorcycle reached Twenty-Fourth street, and that plaintiff saw defendant, but sounded no alarm; that one of the men on the truck held up his hand to give a signal, but plaintiff ran into the left front wheel of defendant's truck, causing the injury which plaintiff complains of; and that in making the turn defendant was not traveling to exceed three miles an hour.

There was evidence tending to sustain the claims of the respective parties, thus presenting questions of fact, and the case was submitted to the jury upon a charge which was very full and fair. as appears by the following excerpts therefrom:

"An ordinance of this city in force at the time of this accident provided that automobiles and motorcycles shall be driven at a rate of speed upon the streets of the city not exceeding 10 miles per hour in the business portion of the city, and outside of the business portion of said city at a rate of speed not exceeding 15 miles per hour, and I charge you that this accident did not occur within the business section of the city, and that the legal rate of speed for travel by automobiles or motorcycles thereon at that place was 15 miles per hour.

"Such ordinance further provides no vehicle shall cross a main thoroughfare or street upon which there is a street car track or make a turn thereon at a rate of speed exceeding one-half of the legal speed limit.

"If you find, therefore, that Broadway at the place of this accident was a main thoroughfare, or that there were street car tracks thereon, the defendant should not have operated his automobile across the same at a speed exceeding 7½ miles per hour, and if you find that he did drive across said street at a rate of speed exceeding 7½ miles per hour, such act on his part would be evidence of negligence; and if you find that it was actual negligence, and that such negligence on

his part was the proximate cause of this accident, and that the plaintiff himself was free from any negligence contributing thereto, then the plaintiff is entitled to recover.

"The ordinance in question further provides that drivers or operators of vehicles, before turning, shall make sure that such movement can be made in safety, and give a plain signal to others upon the street by extending the hand, or otherwise.

"I charge you that, if the defendant before turning his car across this street failed to make sure that such movement could be made in safety, such failure on his part would be evidence of negligence; and if you find that it was negligence to make such turn before making sure that the movement could be made in safety, and if such negligence was the proximate cause of this accident, and that the plaintiff himself was free from negligence contributing thereto, then the plaintiff can recover.

"I charge you further that, if you find that the defendant before making this turn failed to give a plain signal to others, including plaintiff, upon the street, by extending his hand or otherwise, such failure on his part would be evidence of negligence; and if you find that it was negligence to make such turn without giving such signal, and that such negligence was the proximate cause of this accident, and that plaintiff was free from negligence contributing thereto, then the plaintiff can recover.

"Upon that question I further explain. The ordinance in question reads as follows: 'Drivers or operators of vehicles before turning shall make sure that such movement can be made in safety, and give a plain signal to others upon the street by extending the hand or otherwise.' The ordinance says that the hand signal shall be made before the turn. Now it is the claim of the plaintiff in this respect that no signal of any kind was made before turning, and that no signal of any kind was made after turning. It is the claim of the defendant that one of the gentlemen riding in the car at some time gave the hand signal. Now, while the ordinance says the hand signal must be given by the driver or operator, yet I instruct you that the hand signal if given by any other person will be as effective

as though given by the driver, but to be effective it must be such a hand signal as the ordinance requires to be given, and it must be made in' the time the ordinance requires it to be given.

"I charge you that, independent of said ordinance and under the law of this State, it was the duty of the defendant, as the driver of said automobile, to exercise reasonable and prudent care, and to take due and reasonable precaution in the operation of the same, having regard to traffic then on said highway, and the safety thereof, and the proximity of plaintiff's motorcycle to said automobile.

"If you find that defendant suddenly and unexpectedly turned his automobile to the left before reaching the cross or intersecting street, and without any notice or warning to plaintiff, and in such a manner that plaintiff was unable in the exercise of ordinary care to avoid collision therewith, then I charge you that the defendant would be guilty of negligence in so doing.

"When a person is traveling upon a public highway they may have less reason to expect another vehicle to turn across the street or turn about in the opposite direction between the intersecting streets than at a regular street crossing, and if the driver of an automobile intends to so turn before coming to such intersecting street, the exercise of reasonable care on his part might require greater precautions to protect other travelers on the highway than as though the turn were made at a regular intersection.   *   *   *

"I further charge you that if the defendant made the turn on Broadway at the point in question, as he claims to have done, and that the plaintiff Greenleaf was going at a high rate of speed, and had nothing to obstruct his view, and could have avoided the collision by going either to the right or left of defendant's motor truck, it was his duty so to do, and if he did not do so, and was going at such a rate of speed that he thought he could get by, and in consequence thereof collided with defendant's motor truck, then he cannot recover, and the verdict should be no cause of action.   *   *   *

"I charge you that no one has a right under the law as it now exists to drive his motorcycle at a rate of speed in excess of 15 miles an hour at the point in

question; neither has any one the right to blindly run or walk into a dangerous place and then seek to recover.

"If the plaintiff in this case by the rate of speed at which he was going or the careless and reckless manner of driving said motorcycle caused his own injury or contributed to it, then he cannot recover, and your verdict should be no cause of action."

The trial resulted in a verdict and judgment for the plaintiff in the sum of $750. There was a motion for a new trial by defendant, which was denied by the trial judge, the reasons therefor being stated in writing; but no exceptions were taken to such denial.

The case is brought here upon writ of error by the defendant. The first assignment of error which is discussed by appellant is that the verdict was contrary to, and against the great preponderance of the testimony.

As the defendant took no exception to the court's ruling in denying his motion for a new trial, which embraced this subject, under the repeated decisions of this court we cannot consider this question. This has so often been ruled by us that citation of authority is unnecessary. See *Knop* v. *Insurance Co.,* 101 Mich. 359 (59 N. W. 653) ; *Comstock* v. *Taggart,* 156 Mich. 47 (120 N. W. 29), and many other cases.

The next assignment of error which is discussed is that the plaintiff was guilty of contributory negligence. There was no request to direct a verdict upon this ground, and an examination of the record and charge of the court satisfies us that the question of the alleged contributory negligence of the plaintiff was properly submitted to the jury. We cannot say, as matter of law, from this record that the plaintiff was guilty of such negligence.

There are certain exceptions to the ruling of the court in the reception of evidence. They are all em-

braced under one assignment of error, although relating to different subjects. While the assignment of error is too general to warrant a review, we are satisfied that no reversible error was committed by the trial court in its rulings upon the admission of evidence.

Certain exceptions were also taken to the remarks of plaintiff's counsel to the jury, and error is assigned thereon. The court's attention does not appear to have been challenged to these matters, nor was any ruling of the court asked for or given. We cannot therefore, under our decisions, pass upon these matters. We have so recently referred to this question that a citation of authorities is unnecessary.

The case presents mainly questions of fact which seem to have been very fully and properly submitted to the jury. We find no error in the record, and the judgment of the court below is affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.