ADELAIDE V. WESCOTT, Appellant, v. DES MOINES CITY RAILWAY COMPANY, Appellee.

**APPEAL AND ERROR:** Absence of Exceptions. An order refusing a new trial is not appealable, in the absence of exceptions to such order. (Sec. 3749, Code, 1897.)

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

NOVEMBER 22, 1919.

REHEARING DENIED JANUARY 14, 1920.

ACTION for damages, resulting in a verdict for defendant and judgment thereon. The plaintiff appeals.—*Affirmed.*

*Cosson & Francis,* for appellant.

*W. H. McHenry* and *A. B. Howland,* for appellee.

LADD, C. J.—In the morning of July 27, 1917, shortly before 11 o'clock, plaintiff undertook to alight from the defendant's street car on University Avenue, in front of the "Home for the Aged." Thinking that she could not reach the ground from the lower step, she took hold of the railing and swung around, and, as her foot struck some loose chips or broken brick, it slipped from under her, and she fell. The

evidence tended to show that these chips or loose pieces of brick had been left there by the defendant. The petition alleged that these rendered the place dangerous to those stepping from the car, and that defendant was negligent in not providing a safe place for passengers to alight, and in stopping at that place to allow plaintiff to get off its car.

The cause was tried to a jury, and a verdict returned for the defendant. Thereupon, a motion for new trial, based solely on the alleged misconduct of defendant's attorney in his argument to the jury, was filed and was overruled. From this ruling an appeal was taken to this court. Appellee contends, and rightly, that this ruling may not be reviewed, for that no exception was saved to the order denying a new trial. The rule has long obtained that this court will not review any ruling of the trial court to which an exception has not been taken. *Barnes v. Century Sav. Bank,* 147 Iowa 267. A few of the many cases so holding are collected in the opinion cited. The purpose of an exception is to advise counsel and the court that the ruling to which it is addressed is objected to, and that the objector will rely upon error in such ruling. It is in the nature of a warning, for the protection of the court, so that it may reconsider its' action, and also for the protection of the opposing counsel, so that he may consent to a reversal of the ruling, if he later concludes it to have been erroneous. Another object is that of bringing up the record by a bill of exceptions. See *Warner v. Trustees of Norwegian Cem. Assn.,* 139 Iowa 115; 2 Ruling Case Law 92, Section 68.

Section 3749 of the Code contemplates the taking of exception to the rulings of the trial court and the preservation of the record thereof by bill of exceptions; and courts generally, in the absence of statutes providing otherwise, have ruled that, to review an order denying a motion for new trial, objection or exception must have been interposed to such order. *Aken v. Clark,* 146 Iowa 436; *Snodgrass v.*

*Copenhaver,* 34 W. Va. 171 (12 S. E. 695); *Berry v. Smith,* 54 Mo. 148; *Murray v. School-Dist.,* 11 Neb. 436 (9 N. W. 573); *Fletcher v. Wanng,* 137 Ind. 159 (36 N. E. 896); *Great Spirit Springs Co. v. Chicago Lbr. Co.,* 47 Kan. 672 (28 Pac. 714); *Knop v. National Fire Ins. Co.,* 101 Mich. 359 (59 N. W. 653); 3 Corpus Juris 969 (for complete collection of cases).

Because of no exception's being taken to the ruling on the motion for new trial, it may not be reviewed.—*Affirmed.*

Evans, Preston, and Salinger, JJ., concur.